## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STACY L. BUTLER,               :        Civil No. 3:15-cv-2395
                               :
            Plaintiff          :        (Judge Mariani)
                               :
      v.                       :
                               :
UNITED STATES OF AMERICA, *et al.*,   :
                               :
            Defendants         :



### MEMORANDUM

Plaintiff, Stacy Butler, an inmate currently confined at the United States Penitentiary, Lewisburg, Pennsylvania, ("USP-Lewisburg"), initiated the instant medical professional negligence action. (Doc. 1). The matter is proceeding *via* an amended complaint. (Doc. 13-1). The named Defendant is Dr. Rodwan Rajjoub.[1] Plaintiff alleges that he underwent surgery performed by Dr. Rajjoub and, subsequent to the surgery, he suffered from pain and temporary restricted mobility. (Doc. 13-1).

Presently pending before the Court are Plaintiff's motion (Doc. 24) for clarification, and motion (Doc. 22) to appoint counsel. For the following reasons, the Court will deny both motions.

### I.   Motion for Clarification

Plaintiff filed a "motion of clarification" (Doc. 24) wherein he explains that a previously

---

[1]   By Order dated May 19, 2016, the United States of America was dismissed as a party to this action. (Doc. 43).

filed motion (Doc. 21) for extension of time set forth the following two requests: (1) an

enlargement of time in which to file a certificate of merit, and (2) an enlargement of time for

consideration by the Court of the motion to appoint counsel until Plaintiff receives responses

from the law offices he claims to have made contact with regarding legal representation. As

to Plaintiff's first request, by Order dated January 29, 2016, the Court granted Plaintiff an

enlargement of time in which to file a certificate of merit. (Doc. 23). Regarding his second

request, the Court will not needlessly delay consideration of Plaintiff's motion to appoint

counsel until such time as Plaintiff receives responses to letters he claims to have written to

various law offices.[2] Thus, Plaintiff's motion for clarification will be denied.

## II.   Motion for Appointment of Counsel

Although prisoners have no constitutional or statutory right to appointment of counsel

in a civil case, the Court has discretion "to request an attorney to represent any person

unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-

57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v.

Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third

Circuit has stated that the appointment of counsel for an indigent litigant should be made

when circumstances indicate "the likelihood of substantial prejudice to him resulting, for

---

[2]    For the reasons set forth below, the motion for appointment of counsel will be denied without
prejudice. Therefore, if future proceedings demonstrate the need for counsel, the request may be
reconsidered by the Court.

example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1)     the plaintiff's ability to present his or her own case;
(2)     the difficulty of the particular legal issues;
(3)     the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
(4)     the plaintiff's capacity to retain counsel on his or her own behalf;
(5)     the extent to which the case is likely to turn on credibility determinations; and
(6)     whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 Fed. Appx. 153 (3d Cir. 2007).

Assuming that Plaintiff's claims have an arguable basis in law and fact, he fails to set forth any special circumstances warranting the appointment of counsel. *See Tabron*, 6 F.3d at 155-56. Plaintiff bases his motion on the inability to afford counsel, the alleged

3

complexity of the case, the inability to litigate due to his imprisonment, and purported

conflicting testimony in the event of a trial. (Doc. 22). Upon review, the legal issues herein

are relatively simple and may not require expert testimony. Furthermore, despite his

incarceration, investigation of the facts is not beyond Plaintiff's capabilities and he is familiar

with the facts of his case. Additionally, in his court filings, Plaintiff demonstrates the ability

to present comprehensible arguments and to present his own case. It is also noted that this

Court does not have a large group of attorneys who would represent this action in a *pro*

*bono* capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced

to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally,

*Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985),

coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment

of counsel. Accordingly, the motion for appointment of counsel will be denied, however said

denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the
> litigation and may be made by the district court *sua sponte* ... even if it does
> not appear until trial (or immediately before trial) that an indigent litigant is not
> capable of trying his or her case, the district court should consider
> appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the

need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of

Plaintiff.

A separate Order shall issue.

Date:   June _13_, 2016

Robert D. Mariani
United States District Judge