IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY BUTLER, | : | Civil No. 3:15-cv-2395 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| RODWAN K. RAJJOUB, | : | |
| | : | |
| Defendant | : | |

FILED
SCRANTON

FEB 0 1 2017

PER _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff, Stacy Butler, ("Butler"), an inmate currently confined at the United States

Penitentiary, Lewisburg, Pennsylvania, ("USP-Lewisburg"), filed the above-captioned action

pursuant to *Bivens*.[1]  (Doc. 1).  The matter is proceeding *via* an amended complaint wherein

Butler names Rodwan K. Rajjoub, M.D., as the sole Defendant.  (Doc. 13-1).  Previously by

Memorandum and Order dated June 13, 2016, the Court denied Butler's motion to clarify

and motion to appoint counsel.  (Docs. 43, 44).  Pending before the Court is Butler's motion

(Doc. 46) for reconsideration of this Court's June 13, 2016 Order.  For the reasons set forth

below, the motion for reconsideration will be denied.

## I.     Motion for Reconsideration Standard of Review

A motion for reconsideration is a device of limited utility.  It may be used only to seek

---

[1]     *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
*Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally
protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an
award of monetary damages against the responsible federal official."  *Butz v. Economou*, 438 U.S. 478,
504 (1978).

remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999), *citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be

granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937,

943 (E.D. Pa. 1995).

## II.   Discussion

In the instant motion, Butler requests that the Court reconsider its Order denying his

request for counsel. (Docs. 46, 47).  The Court determines that Butler fails to establish any

grounds warranting reconsideration of the June 13, 2016 Memorandum and Order.  Rather,

Butler restates his request for counsel and requests that the Court appoint counsel or, in the

alternative, "suspend this cause of action until counsel is obtained." (Doc. 47, p. 4).  Butler

again bases his motion on the alleged complexity of the case, the inability to investigate the

facts of his case, and the inability to obtain expert witnesses.  (Doc. 47).

The Court previously considered Butler's request for counsel and determined that he

failed to set forth any special circumstances warranting the appointment of counsel.  (Doc.

44, pp. 2-4) (citing *Tabron v. Grace*, 6 F.3d 147, 153, 155-56 (3d Cir. 1993)).  The Court

specifically found that, despite Butler's incarceration, investigation of the facts is not beyond

his capabilities, he is familiar with the facts of his case, and he demonstrates the ability to

present comprehensible arguments and to present his own case.  (Doc. 44, pp. 3-4).

Butler has not demonstrated any need to reconsider the June 13, 2016

Memorandum and Order.  He fails to advance an intervening change in controlling law, to

present newly found evidence, or to establish that a clear error of law or fact exists.  Nor

3

does he establish that the Court came to its conclusions by way of some gross misunderstanding of the facts or law of this case.  Since the entry of the Order denying Butler's request for counsel, he has continued to demonstrate a reasonable ability to litigate this action *pro se.*  Furthermore, his latest motion fails to set forth sufficient special circumstances or factors which would warrant the appointment of counsel.  *See Tabron,* 6 F.3d at 153, 155-57.  Consequently, the motion for reconsideration will be denied. Additionally, Butler's renewed request to stay this action pending the appointment or retention of counsel will be denied.  The Court will not needlessly delay this action until such time as Butler obtains counsel.

A separate order shall issue.

Date: February ___, 2017

Robert D. Mariani
United States District Judge