## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY BUTLER, | : | Civil No. 3:15-cv-2395 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| RODWAN K. RAJJOUB, | : | |
| | : | |
| Defendant | : | |

### MEMORANDUM

Plaintiff, Stacy Butler, ("Plaintiff") an inmate currently confined at the United States

Penitentiary, Lewisburg, Pennsylvania, ("USP-Lewisburg"), filed the above-captioned action

pursuant to *Bivens*.[1] (Doc. 1). The matter is proceeding *via* an amended complaint wherein

Plaintiff names Rodwan K. Rajjoub, M.D., as the sole Defendant. (Doc. 13-1). Presently

pending before the Court[2] is a motion (Doc. 36) to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) by Defendant Rajjoub.[3] For the reasons set forth below, the Court will

---

[1]    *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
*Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally
protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an
award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478,
504 (1978).

[2]    Also pending before the Court is Plaintiff's motion (Doc. 35) for joinder requesting leave to add
three individual defendants to this action. Because Defendant Rajjoub, the sole Defendant, will be
dismissed from this action and, in an effort to streamline this case, the Court will deny Plaintiff's motion for
joinder, but will grant him the opportunity to file a second amended complaint.

[3]    Defendant initially moved for dismissal of the complaint due to Plaintiff's failure to file a
certificate of merit in accordance with PA.R.C.P. 1042.3, based on the presumption that Plaintiff was
proceeding under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* (Doc. 37). Plaintiff

grant the motion to dismiss.

## I.    Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must

aver "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct.

1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic

recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop.*

*Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words,

"[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted). A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

---

subsequently clarified that he intended to filed a *Bivens* civil rights action, he is not proceeding under the FTCA and, thus, "rule 1042.3 . . . does not apply." (Doc. 40, p. 1, ¶ 4). *See also* (Doc. 40, p. 1, ¶ 4) ("The claim of the plaintiff['s] complaint is one of a *Bivens* action"). Consequently, Defendant's argument seeking dismissal of the complaint for failure to comply with the directives of the FTCA will not be addressed herein.

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint:  First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).  This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

3

*Id.*

## II.   Allegations of the Amended Complaint

Plaintiff alleges that he underwent spinal surgery in 2008 when confined at the United States Penitentiary, Terre Haute, Indiana. (Doc. 13-1, p. 2). Several years later, when housed at USP-Lewisburg, Plaintiff alleges that he continued to experience back pain, and underwent x-rays, CT-scans, and MRIs. (*Id.*). These tests allegedly revealed a fractured pedicle screw. (*Id.*).

On April 25, 2013, Plaintiff underwent surgery performed by Dr. Rajjoub at the Williamsport Hospital. (*Id.* at pp. 2, 4). Plaintiff avers that Dr. Rajjoub is a medical doctor/surgeon employed by Lycoming Neurosurgical Associates. (*Id.* at p. 2). Subsequent to the surgery, Plaintiff alleges that he continued to suffer from pain, a "click" in his lower back, and temporary restricted mobility. (*Id.* at p. 2). On July 7, 2015, Plaintiff underwent an x-ray of the lower back and discovered that he had a fractured screw. (*Id.* at p. 3). Plaintiff alleges that he was never informed about the potential complications and pain associated with spinal surgery, including a fractured screw. (*Id.* at pp. 2-4). Plaintiff claims that his pain is due to the fractured screw. (*Id.*).

For relief, Plaintiff seeks compensatory and punitive damages. (*Id.* at p. 3).

## III.   Discussion

A *Bivens* action is the federal counterpart to an action filed under 42 U.S.C. § 1983

4

and the same legal principles have been held to apply. *See Paton v. LaPrade*, 524 F.2d 82

(3d Cir.1975); *Farmer v. Carlson*, 685 F. Supp. 1335, 1338 (M.D.Pa. 1988). Section 1983

of Title 42 of the United States Code offers private citizens a cause of action for violations of

federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part,

as follows:

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding for
> redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95

F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the

violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state

law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

It is well-settled that *Bivens* civil rights liability does not extend to private parties, but

only applies to federal actors. In *Malesko*, the Supreme Court refused to extend liability

under *Bivens* to private individuals, noting that "[t]he purpose of *Bivens* is to deter individual

federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*,

534 U.S. 61, 70, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). Similarly, the United States

Supreme Court refused to imply the existence of a *Bivens* action where "a federal prisoner

seeks damages from privately employed personnel working at a privately operated federal

prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and

where that conduct is of a kind that typically falls within the scope of traditional state tort law

(such as the conduct involving improper medical care at issue here)." *Minneci v. Pollard,*

—— U.S. ——, 132 S.Ct. 617, 626, 181 L.Ed.2d 606 (2012)*; see also Robertson v. Exec. Dir.*

*Brain Inst. Geisinger Med Ctr.,* 578 F. App'x 76, 77 (3d Cir. 2014) ("It is well-settled that a

*Bivens* action can only be brought against federal officials, not private entities.") (citations

omitted); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 642 (3d Cir. 1995) (a private

volunteer health care provider is not a state actor for purposes of federal civil rights liability).

Following *Malesko* and *Minneci*, this Court has held that a private physician employed at a

private hospital is not subject to federal civil rights liability under *Bivens*. *See Michtavi v.*

*Scism*, 2013 WL 371643 (M.D. Pa. 2013).

Defendant seeks dismissal of all claims against him because he is a private

individual working at a privately operated medical facility, and therefore are not subject to

liability under *Bivens*. (Doc. 42). The Court finds that Plaintiff has not alleged any facts that

would give rise to an inference that Dr. Rajjoub is a federal actor. There are no allegations

that Dr. Rajjoub was employed by, or under any contractual agreement with the United

States government or the Federal Bureau of Prisons. Indeed, Plaintiff asserts that

6

Defendant Rajjoub is medical doctor employed by Lycoming Neurosurgical Associates.

(Doc. 13-1, p. 2). Central to any claim for relief under 42 U.S.C. § 1983 is that the plaintiff

must allege that he has been deprived of a right, privilege or immunity secured by the

Constitution and laws, by a person acting "under color of state law." *West*, 487 U.S. at 48.

Dr. Rajjoub is a private individual working at a privately operated medical facility and is not

amenable to suit under *Bivens*. Consequently, the action against Defendant Rajjoub will be

dismissed.

## IV.    Leave to Amend

When a complaint fails to present a prima facie case of liability, courts should

generally grant leave to amend before dismissing a complaint. *See Grayson v. Mayview*

*State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d

Cir. 2000). Specifically, the Third Circuit has admonished that when a complaint is subject

to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless

such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston*

*v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal

amendments in light of the "principle that the purpose of pleading is to facilitate a proper

decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal

quotations omitted).

The Court concludes that any amendment with respect to Defendant Rajjoub would

be futile. However, in light of Plaintiff's motion (Doc. 35) for joinder wherein he requests

leave to add three additional defendants, Plaintiff will be granted the opportunity to file a

second amended complaint. Plaintiff is advised that the second amended complaint must

comply with the dictates of Rule 20 of the Federal Rules of Civil Procedure. Federal Rule of

Civil Procedure 20, titled Permissive Joinder of Parties, provides in pertinent part:

> Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

## V.   Conclusion

Based on the foregoing, Defendant's motion (Doc. 36) to dismiss will be granted and

Defendant Rajjoub will be dismissed from this action. Plaintiff will be afforded the

opportunity to file a second amended complaint. A separate order shall issue.

Dated: February ___, 2017

Robert D. Mariani
United States District Judge

8